UNITED STATES of America,
Plaintiff,

v.

James DILLOW, Defendant.

Case No. 3:13 CR 133.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 1, 2013.

Andrew P. Hart, Donna M. Grill, Office of the Federal Public Defender, Toledo, OH, for Defendant.

## MEMORANDUM OPINION AND ORDER

JACK ZOUHARY, District Judge.

Pending before this Court is Defendant James Dillow's ("Dillow") Motion to Compel Discovery and Request to Extend Pretrial Motion Deadline (Doc. 19) and the Government's Opposition (Doc. 20). For the reasons below, Defendant's Motion is denied.

### INTRODUCTION

Dillow faces a two-count Indictment, charging him with receipt, distribution, and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B) (Doc. 2). In response to a discovery request, the Government provided Dillow a copy of the search warrant affidavit submitted for a search of Dillow's home. That affidavit noted that Perrysburg Police Detective Patrick Jones ("Jones") had used computer software to identify Dillow's Internet Protocol ("IP") address as one "offering to trade or share child pornography" (Doc. 19 at 2). Dillow now seeks to compel disclosure of the "the computer software used to establish the alleged possession or offer of distribution" in his case; such discovery, Dillow claims, will allow him to test the reliability of that software (*id.*).

Specifically, Dillow seeks: (1) identification of the software; (2) "objective rates of reliability possessed by the developer of the software;" and (3) the opportunity to inspect the software used (*id.* at 3). To conduct that inspection, Dillow seeks a thirty-day extension of the pretrial motion deadline, running from the date on which the Government discloses the requested information.

The Government opposes Dillow's Motion on two grounds. First, the Government avers Dillow has failed to establish materiality of the information he seeks, as required by Federal Criminal Rule 16(a)(1)(E)(i). Second, the Government argues one of the two software programs used to tie Dillow to child pornography enjoys a qualified privilege against disclosure.

### BACKGROUND

The Government's Opposition describes the search method Jones used to link Dillow to child pornography. Jones began his investigation using an unnamed software program and a related database. The Government describes these tools (hereafter "the law enforcement search tool") as follows:

> The [law enforcement search tool] simply searches the Gnutella network[, a peer-to-peer file sharing community,] for IP addresses sharing files previously identified to be child pornography. The software works in conjunction with a database. This software and the database are licensed to, available to[,] and used exclusively by law enforcement. As law enforcement officers, licensed to use this software, their work is logged to the database. In this way, law enforcement officers around the world can pool their efforts and help identify targets who are operating on the global Internet.

(Doc. 20 at 3). Once the law enforcement search tool identifies a Gnutella user offering to share child pornography, Jones uses Phex, a publicly-available file-sharing program, to download child pornography from that user.

Jones used this two-step investigative process to download from Dillow's shared items folder two complete child pornography files. Jones partially downloaded two additional child pornography files from the same source. The Government represents that neither the law enforcement search tool nor Phex is able to place data on other

users' computers; together, the two programs can only identify and then retrieve files a Gnutella user elects to share with others.

DISCUSSION

### Discovery under the Federal Rules of Criminal Procedure

██ Federal Criminal Rule 16(a)(1)(E) provides for limited discovery in criminal prosecutions of "data ... [or] tangible objects ... within the government's possession, custody, or control." Rule 16 additionally requires, in relevant part,[1] that the "item [be] material to preparing the defense." *Id.* To be discoverable under Rule 16, then, Dillow must make two showings with respect to each type of information he seeks. First, Dillow must show the information is "within the government's possession, custody, or control." Second, Dillow must demonstrate the materiality of that information. *See United States v. Phillip*, 948 F.2d 241, 250 (6th Cir.1991) ("A defendant does not satisfy [the materiality requirement] by means of conclusory arguments concerning materiality."). Both showings are essential, for "the discovery afforded by Rule 16 is limited to evidence referred to in its express provisions." *See United States v. Warshak*, 631 F.3d 266, 327 (6th Cir.2010) (quoting *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir.1988)).

Dillow's requests for "objective rates of reliability" for either the law enforcement search tool or Phex fail at the outset. Dillow describes the reliability information as "possessed by the developer of the software" (Doc. 19 at 3). That "developer" is apparently a private entity—the Government explains the software is "licensed to"

law enforcement officers (*see, e.g.,* Doc. 20 at 5). Nowhere does Dillow allege that the Government—or, indeed, any governmental entity—also has access to or otherwise controls the reliability information "possessed by the developer." That aspect of Dillow's request falls outside of Federal Criminal Rule 16's custody-of-the-government requirement, however broadly construed, and is not discoverable.

██ Dillow's request for the identification of, and an opportunity to inspect, the two software programs used in Jones' investigation presents a closer question. The specific software Jones used to identify Dillow is, so far as the briefing reveals, in the sole possession of the Perrysburg Police Department—Dillow recites the language of Rule 16 in his Motion in a bid to place the software programs within its scope, but does not specifically allege that the United States Attorney has actual control over that software (*see* Doc. 19 at 3). In such a situation, does the "government" have "custody" in the Rule 16 sense of items apparently possessed only by a local law enforcement agency?

Though this Court must answer that question without the aid of any on-point reported Sixth Circuit decisions, the weight of authority elsewhere indicates the answer to that question is "No." *See, e.g., United States v. Marshall*, 132 F.3d 63, 68 (D.C.Cir.1998) (noting "ample authority" that "the term 'government' as used in Rule 16 does [not] encompass[ ] local law enforcement offices"); *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir.1997) (construing "government" in Federal Criminal Rule 16 to mean "defendant's adversary, the prosecution" in light of "repeated references [in the Rule] to the 'at-

---

1. A defendant can also access materials that will be used in the government's case-in-chief, or which were obtained from the defendant. *See id.* Dillow's claim to discovery of the software programs rests solely on his contention that the information sought is material to his defense (*see* Doc. 19 at 3).

torney for the government'"); *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1375 (9th Cir.1987) (concluding "the federal government had no duty to obtain from state officials documents of which it was aware but over which it had no control" in federal prosecution resulting from state-initiated investigation).

That conclusion seems best supported by Rule 16's text. Rule 16(a)'s various provisions are grouped under a heading that speaks to the "Government's Disclosure," while Rule 16(b) lists the "Defendant's Disclosure." In both sections, the "government" is alternatively tasked with producing materials (under Rule 16(a)), or given the authority to request that the defendant produce certain information (under Rule 16(b)). Using the presumption of consistent usage, "government" is most naturally read as bearing the same meaning in both sections of the same rule. *See, e.g., Ratzlaf v. United States,* 510 U.S. 135, 143, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) ("A term appearing in several places in a statutory text is generally read the same way each time it appears.").

That a consistent usage of "government" excludes local law enforcement entities becomes apparent by reflecting on Dillow's reading of the Rule. As noted above, Rule 16 at once imposes on the "government" discovery obligations while also granting the "government" certain discovery rights. In some cases, these rights and obligations are reciprocal, triggered only when a defendant makes a prior disclosure request for particular items. *See, e.g.,* Federal Criminal Rule 16(b)(1)(A). Dillow would have this Court require the Perrysburg Police Department to disclose the law enforcement search tool because that Department is the "government" for purpose of the Rule. Would Dillow likewise permit the Perrysburg Police Department to exercise the Rule 16(b) governmental discov-

ery prerogatives that exist in this case, in light of Dillow's prior disclosure request (*see* Doc. 7–1)? For instance, Dillow requested a summary of possible expert government witnesses (*see id.* at 2). Would the Perrysburg Police Department likewise be entitled to a copy of Dillow's expert's report? *See* Federal Criminal Rule 16(b)(1)(C)(i). Plainly not. *See also* Federal Criminal Rule 16(c) (imposing on a "[a] party who discovers additional . . . material" of a type "the other party [has] previously requested" to "promptly disclose [the material's] existence to the other party or the court" if otherwise subject to discovery under the Rule); Federal Criminal Rule 16(d) (empowering a district court to enter appropriate orders "[i]f a party fails to comply with [Rule 16]").

■ All this is not to say a defendant in Dillow's position is out of luck when it comes to discovery of materials in the sole possession of a local law enforcement agency that initiates an investigation later resulting in federal criminal charges. The Government's obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is not as limited as its Rule 16 obligation. *See United States v. Hamilton,* 107 F.3d 499, 509 n. 5 (7th Cir.1997) ("Unlike *Brady* . . . [Rule 16] imposes upon the federal government no duty to obtain documents that are controlled by the state government or police, even if the prosecution is aware of the items."). Moreover, some materials may be amenable to discovery by subpoena. Federal Criminal Rule 17(c) provides for the issuance of a subpoena that "may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates . . . . in court before trial or before [the materials] are to be offered into evidence." Finally, as noted above, Federal Criminal Rule 16's disclosure obligation is a continuous one. *See*

Federal Criminal Rule 16(c). Assuming the materials Dillow seeks would otherwise be discoverable under the Rule, and not protected from disclosure by any applicable privilege, if the Government were later to come into "possession, custody, or control" of the specific search tools used in this case, those tools would no longer fall outside of Rule 16. And of course, Dillow will in all events be able to cross-examine Jones, should he testify about his use of the law enforcement search tool or Phex at trial.

As Dillow's case currently stands though, this Court lacks authority under Federal Criminal Rule 16 to compel the Perrysburg Police Department to either identify the software it used in its investigation or allow Dillow to conduct a "physical examination of the software." Whatever other federal entities the term "government" might include under Rule 16, the Rule's text, along with associated case law, supports the conclusion that that term excludes local law enforcement agencies. Therefore, this Court does not reach the Government's alternative arguments for denying this Motion.

### CONCLUSION

For the foregoing reasons, Dillow's Motion to Compel Disclosure under Rule 16 is denied, as is Dillow's Motion to continue for thirty days the pretrial motion deadline (Doc. 19).

IT IS SO ORDERED.